UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| LANCE HULLUM,<br><br>       Plaintiff,<br><br>       v.<br><br>JOSEPH D. MCDONALD, JR., Sheriff Plymouth County Jail, et al.,<br><br>       Defendants. | Civil Action No. 25-CV-12315-AK |

**ORDER**

**KELLEY, D.J.**

Plaintiff Lance Hullum, a pre-trial detainee in custody at the Plymouth County Correctional Facility ("PCCF"), filed a *pro se* Complaint [Dkt. 1], a Motion to Waive Filing fee [Dkt. 2], a Motion for serving numerous defendants, [Dkt. 3], a Motion for Temporary Restraining Order or Preliminary Injunction [Dkt. 8], and Motions to Substitute Defendant's Names [Dkts. 17, 18]. This action is brought against dozens of PCCF officers and employees for the alleged violation of his First, Eighth, and Fourteenth Amendment Rights. [See Dkt.1 at 20-22.] For the following reasons, Mr. Hullum's Motion for Temporary Restraining Order or Preliminary Injunction [Dkt. 8] is **DENIED** as moot; Motions to Substitute Defendant's Names [Dkt. 17, 18] are **ALLOWED**; the Motion to Waive Filing Fee [Dkt. 2] is **ALLOWED**; and Motion for Serving Numerous Defendants [Dkt. 3] is **DENIED WITHOUT PREJUDICE**.

**I.  Background**

Mr. Hullum states that on or about April 12, 2024, he was transferred from the Souza Baranowski Correctional Center ("SBCC") to the PCCF. Since arriving in PCCF, Mr. Hullum

alleges that various PCCF staff subjected him to verbal abuse and threats, and shared intimate videos of Mr. Hullum with others.  He further alleges that PCCF supervisors failed to take steps to protect Mr. Hullum from such harassment.  Additionally, Mr. Hullum claims that his due process rights were violated because he was prohibited from calling a witness at a disciplinary proceeding.  Finally, Mr. Hullum alleges that his First Amendment rights were violated because PCCF staff retaliated against him for filing complaints.

## II.     Motion for Temporary Restraining Order or Preliminary Injunction

On September 8 2025, Mr. Hullum filed a Motion for an Emergency Temporary Restraining Order or Preliminary Restraining Order [Dkt. 8] seeking to have this Court order Sheriff Joseph McDonald and Superintendent Antone Moniz to release Mr. Hullum from segregation and to have his liberty and privileges restored. [Dkt. 8-1 at 1].  Sheriff McDonald filed an opposition stating, in part, that Mr. Hullum's request for relief was mooted by the September 2, 2025 vote by the facility classification board for Mr. Hullum to be sent to the general population. [Dkt. 11 at 1].  The opposition further states that Hullum was never held in the special management unit permanently and when returned to general population, he refused housing with a cellmate.  [Id.].  In reply, Hullum states, in part, that the defendants are not honoring his designation for "single cell housing." [Dkt. 13 at 2].  Along with his reply, Mr. Hullum submitted an "Inmate Master Card" which stated that he was assigned "single level" housing from April 2003 to April 2004. [Dkt. 13-1].

Mr. Hullum has not presented proof that his is entitled to single cell housing.  Because Mr. Hullum was offered housing in the general population and voluntarily refused it, his Motion for Temporary Restraining Order is **DENIED** as moot.

**III.     Motions to Substitute Names**

Mr. Hullum also filed motions to substitute the correct names for two defendants as follows:  substitute the name Derek McCartney for Paul McAuley Jr. [Dkt. 17]  and substitute the name Mr. John Dee for correctional officer Austin James  [Dkt. 18].  The Motions to Substitute Defendant's Names [Dkt. 17, 18] are **ALLOWED**.  The Clerk shall terminate from the docket defendants Paul McAuley Jr. and Austin James, and add as defendants Derek McCartney and Mr. John Dee.

**IV.     Motion to Waive Filing Fee**

The Motion to Waive Filing Fee [Dkt. 2] is **ALLOWED**.  Because Mr. Hullum is a prisoner-plaintiff, his motion must be accompanied by "a certified copy of the trust fund account statement  . . . for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined" so that the Court may determine the initial partial filing fee and subsequent monthly payments required for the filing fee as required under the Prison Litigation Reform Act.  28 U.S.C. § 1915(a)(2), (b).[1]  For Mr. Hullum, the relevant 6-month period is February to July 2025.  The prison account statement included with Mr. Hullum's pleadings [Dkt. 1-1 at 1-3] covers the period from September 10, 2024 to May 6, 2025, thus including information for only four of the months (February through May 2025) in the six months preceding the filing of the action.  Accordingly, the Court will calculate Mr. Hullum's filing fee obligation based upon the information provided for February through May 2025.  [Dkt. 1-1 at 2-3].

---

[1] When a prisoner plaintiff is allowed to proceed in forma pauperis, the plaintiff may proceed without prepayment of the $350 statutory filing fee, see 28 U.S.C. § 1914(a), and the $55 administrative fee is waived.   However, Congress has mandated that the prisoner pay the $350 statutory filing fee over time.

Upon review of Mr. Hullum's prison account statement, and based upon the average monthly deposits for the six month period beginning February 7, 2025 and continuing through May 6, 2025, Mr. Hullum is assessed an initial, partial filing fee of **$23.42**, pursuant to 28 U.S.C. § 1915(b)(1)(B). The remainder of the fee, **$326.58**, is to be assessed and collected in accordance with 28 U.S.C. § 1915(b)(2). The Clerk shall provide the standard Notice for Payment of Prisoner Filing Fee to the treasurer of the institution having custody of Mr. Hullum. If Mr. Hullum seeks modification of the assessment of this filing fee, he may file a motion demonstrating good cause for any requested modification.

### V.        Motion for Serving Numerous Defendants

Mr. Hullum requests permission to serve the defendants through the Plymouth County General Counsel, pursuant to Fed. R. Civ. P. 5(c)(2). The Motion for Serving Numerous Defendants [Dkt. 3] is **DENIED WITHOUT PREJUDICE**. Mr. Hullum shall review Rule 4(d) of the Federal Rules of Civil Procedure, which provides for an easier means of effecting service, via first class mail, for defendants who are willing to waive formal service.

The Clerk shall issue summonses for the Defendants and shall send the summonses, complaint and this Order to Mr. Hullum, who must thereafter serve the Defendants in accordance with Federal Rule of Civil Procedure 4(m). Mr. Hullum shall have 90 days from the date of the issuance of summonses to complete service.

Because Mr. Hullum has been granted leave to proceed *in forma pauperis*, Mr. Hullum may arrange for service by the United States Marshals Service. If directed by Mr. Hullum to do so, the United States Marshals Service shall serve the summonses, complaint, and this Order upon the Defendants, in the manner directed by Mr. Hullum, with all costs of service to be advanced by the United States. Notwithstanding this Order to the United States Marshals

Service, it remains Mr. Hullum's responsibility to provide the United States Marshals Service with all necessary paperwork and service information.

## VI.     Conclusion

For the foregoing reasons, Mr. Hullum's Motion for Temporary Restraining Order or Preliminary Injunction [Dkt. 8] is **DENIED** as moot; two Motions to Substitute Defendant's Names [Dkt. 17, 18] are **ALLOWED**; the Motion to Waive Filing Fee [Dkt. 2] is **ALLOWED**; and Motion for Serving Numerous Defendants [Dkt. 3] is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED.**

Dated:  February 6, 2026                                   /s/Angel Kelley
                                                           Hon. Angel Kelley
                                                           United States District Judge